James B. Kane, J.
This is a petition on behalf of Alice Lacy, an infant, and her mother, for permission to file a late notice of claim. The petitioners contend that said Alice Lacy, when age 16, was assaulted in Buffalo McKinley High School on May 7, 1976. It appears there was no notice of claim filed within 90 days as required by subdivision 1 of section 50-e of the General Municipal Law. This motion, on behalf of petitioners seeks permission to file a late notice of claim.
The papers before me indicate that the notice of within motion was served on the respondent on November 15, 1976 at Buffalo City Hall. The petitioners’ petition indicates that the actual assailant, Michele Woods, was indicted by a Grand Jury for the involved assault on August 3, 1976; the assault is claimed to have occurred in a printing shop class at Buffalo McKinley Vocational High School. It appears to this court that any assault that occurred on school premises that results in an indictment would of necessity be called to the attention of school personnel.
Under the law in existence prior to September 1, 1976, namely, the then section 50-e of the General Municipal Law, *256 this court would have discretion to permit a late filing on behalf of the infant wherein a determination was made that the filing was late because of said disability, to wit: infancy. This court does determine that the delay in filing was caused by the infancy of the petitioner Alice Lacy.
It is noted that the afore-mentioned subdivision 5 of section 50-e of the General Municipal Law was amended, effective September 1, 1976, to provide further discretion to extend the time to serve a notice of claim as herein required. The factors which would appear relevant with respect to that amendment are that there was actual knowledge of the essential facts constituting this claim within the 90-day period or a reasonable time thereafter and that any delay concerning the notice did not substantially prejudice the public corporation in maintaining its defense on the merits. There has been no showing of any prejudice to the respondent with regard to defending this matter on its merits. As previously stated, it is this court’s opinion that the respondent was aware of the facts well within the 90-day period.
It is this court’s opinion that under pre-existing law and present amendments, the delay in filing by Alice Lacy is excusable and permission is hereby granted for a late filing of a notice of claim on her behalf. In addition, it is this court’s opinion that under the amendment of subdivision 5 of section 50-e of the General Municipal Law, the late filing on behalf of the mother, Eulalia Lacy, is also excusable and that she be permitted to file a late notice of claim for the reasons above stated.
It is the order of this court that both petitioners be allowed to file a notice of claim within 10 days from their obtaining an order pursuant to this memorandum.